# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HTOO AUNG,<br><br>      Petitioner,<br><br>  v.<br><br>TIMOTHY BUSBY, Warden,<br><br>      Respondent. | Civil No. 15cv2630-AJB (KSC)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## MOTION TO PROCEED IN FORMA PAUPERIS

The request to proceed in forma pauperis is **DENIED** because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate.

## FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C.

§ 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Petitioner indicates he has not presented any of his claims to the California Supreme Court. (See Pet. at 7-10.) The burden of proving that a claim has been exhausted lies with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). Because Petitioner has failed to allege exhaustion as to any claim presented in the Petition, it is subject to dismissal. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further into the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."), citing Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

    United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

  The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

  Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has failed to allege exhaustion of state court remedies.

## CONCLUSION

  Based on the foregoing, the Court **DENIES** the Motion to proceed in forma pauperis, and **DISMISSES** this action without prejudice because Petitioner has failed to allege exhaustion of state judicial remedies. To have this case reopened, Petitioner must, no later than **January 25, 2016**, either pay the $5.00 filing fee or submit a motion to proceed in forma pauperis which is supported with a certified copy of his inmate trust account statement **and** file a First Amended Petition that cures the pleading deficiencies set forth above.

  Petitioner is advised that if he has not submitted a First Amended Petition alleging exhaustion of his state court remedies by **January 25, 2016**, he will have to start over by filing

a completely new habeas petition in this Court which will be given a new civil case number. The Clerk of Court shall send a blank Southern District of California in forma pauperis form which contains the required prison certificate and a blank Southern District of California amended habeas petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: November 24, 2015

_____
Hon. Anthony J. Battaglia
U.S. District Judge